BERGEN BUS LINE, INCORPORATED, PROSECUTOR, v. HACKENSACK IMPROVEMENT COMMISSION, DEFENDANT.

Submitted October 16, 1925—Decided January 15, 1926—Filed March 2, 1926.

Municipalities—Licenses—Auto Buses—License Granted on Defective Application and Not Within the Time Provided for Within the Ordinance—Resolution of Governing Body Granting License Set Aside.

On writ of *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Wright, Vander Burgh & McCarthy* (*Wendell J. Wright,* of counsel).

For the defendant, *De Turck & West.*

PER CURIAM.

This case is before us on a writ of *certiorari.* The writ is directed to the Hackensack improvement commission, the governing body of the city of Hackensack. It brings up

a resolution passed by the commission on April 20th, 1925, granting an application made by one Joe Colando for a license to operate auto buses on the streets of Hackensack. The city of Hackensack had, prior to the application of Colando, passed a general ordinance covering the subject of applications for licenses of auto buses. This ordinance defined auto buses, and, among other things, provided that any person desiring to operate auto buses should make an application in writing to the commission, setting forth (a) the name of the owner, (b) whether such owner is an individual, co-partnership or corporation or joint stock company, (c) in case the owner is not an individual, the names of its officers and member, (d) the business address of the applicant, (e) whether the applicant is or will be vested with the title of the auto bus or whether the applicant is the lessee or representative of the owner, (f) the proposed route, (g) the location of the proposed regular stops along route within the city, (h) the propoosed schedule of departure, (i) the proposed fare or fares to be charged, (j) the number of auto buses intended to be operated, (k) a place within the city where the bus or buses might be inspected, (l) an agreement to abide by the requirements of the ordinance.

Colando made an application in writing to the commission. It did not comply with the requirements of the ordinance as above set forth. It only stated the number of buses to be operated, the proposed route, and a statement that he agreed to comply with all the rules, regulations and ordinances of the commission. The ordinance also provided that the application should be acted upon within thirty days. When received it was laid over thirty days and referred to the police department to investigate as to the route. The application was received February 16th, 1925. It was not acted upon until April 20th, 1925. No report was made by the police department.

The general ordinance also required that the commission should determine that the granting of the license was necessary or advisable in the interest of the public welfare. No such determination was made. The commission having en-

acted a general ordinance designating the matters required to be set forth by one applying for license to operate auto buses, it was obliged to conform, in dealing with application for licenses, to provisions of the ordinance which it had enacted. This it did not do.

No attack is made upon the status of the prosecutor. In fact, no brief has been filed in behalf of the defendant. The record does not disclose whether or not the prosecutor has such a personal or property interest as will be especially and immediately affected by the action of the commission in granting the license referred to. This is necessary. *Montgomery* v. *Trenton,* 36 *N. J. L.* 79; *Tallon* v. *Hoboken,* 60 *Id.* 212. The presumption is that the standing of the prosecutor was passed on at the time of the allowance of the writ. In the absence of any attack upon the standing of the prosecutor this presumption will be deemed to continue.

The resolution brought up by the writ is set aside, with costs.